KINNEY WILBURN *v.* THE STATE.

73  245
83  650

MANSLAUGHTER.  *Justification.  Erroneous instruction.*

It is error to so instruct the jury with reference to the evidence introduced in justification of the homicide by one on trial for manslaughter as to omit from the presentation thereof its more material features while charging them that such incomplete and imperfect version of the evidence, which is referred to as if it constituted the whole, is insufficient to constitute a justification.

FROM the circuit court of Tunica county.

HON. R. W. WILLIAMSON, Judge.

The appellant and one Jesse Harris were, at the September

term, 1894, of the circuit court, jointly indicted for the murder of one Henry Mitchell. At the same term they were both tried on the indictment, convicted of manslaughter, and sentenced to five years' imprisonment in the penitentiary. They appealed; and, at the October term, 1894, of the supreme court, the judgment was reversed and the cause remanded for a trial *de novo*. They were again tried upon the indictment jointly, the court below having refused to grant a severance, found guilty, and sentenced to the same term of imprisonment. The appellant had made affidavit against the deceased for malicious mischief in shooting his mule, and a warrant for the arrest of deceased had been issued and placed in the hands of Harris, as a special officer to execute the same. The appellant was directed by the justice of the peace who issued the warrant to go with the officer and point out the deceased, and he was with him when he attempted to make the arrest, at which time the killing occurred. The evidence of what then transpired was confined to the dying declarations of the deceased and the testimony of the appellant and the officer, Harris. According to the former, the killing was wholly indefensible. The character of the latter is sufficiently indicated in the opinion. A singular feature of the case is found in the fact that what appeared to be a pistol upon the person of the deceased, with the handle and lock visibly protruding from his hip pocket, was found, after his death, to have been only the handle and lock of a pistol fastened in the pocket, and without any accompanying cylinder or barrel. The instruction condemned is set out in full in the opinion.

*F. A. Montgomery* and *J. B. Cocheran*, for the appellant.

The fifth instruction given for the state presents a hypothetical case, and does not embody all of the facts in the same, but culls certain portions of the state's and defendant's evidence, and puts them together in a manner misleading to the jury and much to the prejudice of the defendants. *Jackson* v. *State*, 66

Miss., 89. The necessity of the killing should have been left to the jury, without any opinion from the court as to the influence of any given facts or their sufficiency to establish a particular conclusion. *Jackson* v. *State, supra; Collins* v. *State,* 71 Miss., 691.

*Frank Johnston,* attorney-general, for the state.

The instruction criticised is correct.     It states an hypothetical case, as is the practice in this state.     It proceeds on the theory of the state that the case was not one of self-defense, and that the deceased turned to run as he was shot.     This was applicable to the testimony introduced by the state, and especially to the account given by the deceased just before his death.     On the other hand, the fourth instruction for the defendants gives the law of self-defense on the theory or hypothesis of facts of the accused.     The jury was thus left to decide the issue of fact, and they evidently rejected the hypothesis assumed by the fourth instruction given for the defendants, and reached the conclusion that there was no overt act which excused the homicide.

WOODS, J., delivered the opinion of the court.

The fifth instruction given for the state is in these words: "To justify the defendant, Harris, on the ground of self-defense, he must have shot the deceased because he believed from some act of the deceased that deceased was about to kill him, or do him great bodily harm, and because he, as a reasonable man, believed that unless he shot deceased, deceased would, at the time, kill him or do him great bodily harm.     He cannot justify himself merely because deceased threw his hand behind him, because that, of itself, gave him no right to shoot deceased. Nor can he justify himself merely because deceased was running towards a Winchester rifle (if you believe this), that he, Harris, had just thrown down; he must have honestly and reasonably believed that deceased intended to kill him or do him great bodily harm, and not merely that deceased intended to resist arrest or intended to flee."

The defendant, by his evidence on the trial, was attempting, in part, to justify the homicide on the ground of self-defense, by showing that the deceased, at the time of the killing, threw his hand to where he had a pistol on his person, and that he made some effort to draw the weapon, and that defendant then saw the handle and lock of the weapon; and that deceased, at the moment he was shot by defendant, was running towards and reaching over for the rifle which defendant had thrown down, and that deceased fell, on being shot, with one of his hands on the rifle.

The instruction as asked and given emasculates this evidence offered by the defendants, and then charges upon the weight of the fragments left.    For the error above indicated, the judgment is

*Reversed.*